UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUCE FLANNERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:18-CV.4026 |
| ) | |
| MANAGEMENT REGISTRY, INC. d/b/a, ) | |
| MALONE STAFFING ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Mr. Bruce Flannery, hereinafter Mr. Flannery, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Management Registry, Inc. d/b/a Malone Staffing, hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Flannery, is a male citizen of the United States, and is a qualified employee with a disability as defined in 42 U.S.C. 12102 (ADA).
5. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).
6. Defendants is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

1. On or about May, 2018, Mr. Flannery filed charges of Disability Discrimination, Retaliation for seeking benefits under Indiana's worker's compensation statute against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2018-02808.
2. On or about September 18, 2018, Mr. Flannery received a Notice of Right to Sue from the EEOC for Charge Number 470-2018-02808, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".
3. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## **FACTS**

4. The Defendant hired Mr. Flannery on or about July, 2017.

5. Throughout his employment with Defendant, Mr. Flannery met or exceeded Defendant's legitimate expectations of performance.

6. The Defendant is an employment agency.

7. The Defendant placed Mr. Flannery with Gecom to perform work.

8. The Defendant continued to be responsible for Mr. Flannery's employment even while he was performing work for Gecom.

9. On or about October 17, 2017, Mr. Flannery sustained a work injury onsite at Gecom.

10. Mr. Flannery received treatment for his injury.

11. Mr. Flannery had restrictions due to his injury.

12. Mr. Flannery was off of work for a period of time due to his injury.

13. On or about January 15, 2018, Mr. Flannery returned to work.

14. When Mr. Flannery returned to work he was moved from the warehouse to assembly.

15. Assembly requires repetitive movements.

16. Working in assembly aggravated Mr. Flannery's injury causing him significant pain.

17. Mr. Flannery reported his pain to his team leader.

18. The team leader told Mr. Flannery to report to the Malone representative onsite at Gecom.

19. Mr. Flannery reported to the onsite Malone staffing representative and told her he was in need of immediate treatment.

20. The Malone representative told him to clock out and go home.

21. The Defendant informed Mr. Flannery he could not receive treatment until it was approved by worker's compensation the next day.

22. There is an onsite clinic at Gecom but the Defendant would not allow Mr. Flannery to obtain treatment at that clinic.

23. The Defendant told Mr. Flannery he could not go to the hospital for treatment.

24. The following day Mr. Flannery called the nurse managing his worker's compensation claim and she informed Mr. Flannery that the Defendant had not reported his injury or aggravation to them.

25. Mr. Flannery called the Defendant and spoke to Dan who informed Mr. Flannery that he was not going to be permitted to see a doctor through worker's compensation because he had already been released by worker's compensation.

26. The Defendant then informed Mr. Flannery he was terminated due to attendance.

27. Mr. Flannery's absences were related to his worker's compensation injury.

28. The Defendant retaliated against Mr. Flannery for seeking worker's compensation by disciplining him for attendance related to his work injury.

29. The Defendant did not want to provide ongoing treatment for Mr. Flannery's injury and retaliated against him for seeking additional treatment by terminating him.

30. Gecom reported to the EEOC that they did not penalize Mr. Flannery with any attendance points for absences related to his work injury.

31. The Defendant discriminated against Mr. Flannery due to his disability.

32. The Defendant failed to accommodate Mr. Flannery's disability.

33. The Defendant retaliated against Mr. Flannery for seeking treatment and benefits under Indiana's worker's compensation statute.

34. The Defendant terminated Mr. Flannery due to his disability and in retaliation for seeking worker's compensation.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Flannery, for his first claim for relief against Defendant, states as follows:

35. Mr. Flannery hereby incorporates by reference paragraphs 1 through 34 as though previously set out herein.
36. At all times relevant to this action, Mr. Flannery was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.
37. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Flannery's disability.
38. The Defendant failed to engage in the interactive process with Mr. Flannery concerning his disability as required by the ADA.
39. The Defendant failed to accommodate Mr. Flannery's disability.
40. The Defendant intentionally and willfully discriminated against Mr. Flannery because he is disabled and/or because Mr. Flannery has a record of being disabled and/or because the Defendant regarded Mr. Flannery as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.
41. Defendant's actions were intentional, willful and in reckless disregard of Mr. Flannery's rights as protected by the ADA.

42. Mr. Flannery has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

43. Mr. Flannery hereby incorporates by reference paragraphs 1 through 42 as though previously set out herein.

7. Mr. Flannery sustained work related injuries during his employment with Defendant.

8. The conduct as described hereinabove constitutes retaliation on the basis of Mr. Flannery lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

9. Defendant intentionally and willfully refused to accommodate Mr. Flannery's disability caused by his work injury and terminated him in retaliation for him seeking his lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

10. Defendant's actions were intentional, willful and in reckless disregard of Mr. Flannery's rights under Indiana Law.

11. Mr. Flannery has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Flannery, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Flannery his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Mr. Flannery all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Mr. Flannery all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Flannery, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff